FILED

JAN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JUAN ESVERILDO GRAMAJO VASQUEZ; JUAN CARLOS GRAMAJO CHAVEZ, | No. 12-71115 |
| Petitioners, | Agency Nos.   A072-125-969 |
|  |                      A076-866-510 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:       CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Juan Esverildo Gramajo Vasquez and Juan Carlos Gramajo Chavez, natives

and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003). We deny the petition for review.

The record does not compel the conclusion that the harm Gramajo Vasquez suffered or fears in Guatemala was or will be on account of his imputed political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1489-91 (9th Cir. 1997); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). In the absence of past persecution, Gramajo Vasquez's humanitarian asylum claim necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

In addition, substantial evidence supports the agency's finding that even if Gramajo Vasquez established past persecution, the government rebutted his presumption of future persecution by establishing changed circumstances in Guatemala. *See Gonzalez-Hernandez*, 336 F.3d at 998-1001. The agency provided a sufficiently individualized analysis of Gramajo Vasquez's future fear and did not err in relying on a State Department report. *See id.* (individualized analysis of changed conditions in Guatemala rebutted presumption of well-founded

fear based on political opinion); *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("Even in the face of a presumption of future persecution, a State Department report is relevant."). Accordingly, Gramajo Vasquez's asylum claim fails.

Because Gramajo Vasquez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

Turning to Gramajo Chavez's claims, substantial evidence supports the agency's finding that even if Gramajo Chavez established past persecution, the government rebutted his presumption of a well-founded fear of future persecution by establishing changed circumstances in Guatemala. *See id.* at 998-1001. Accordingly, Gramajo Chavez's asylum claim fails.

Because Gramajo Chavez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n.5.

Finally, petitioners did not challenge the agency's denial of their CAT claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**